## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**WILLIAM HOLLIDAY d/b/a NOT
JUST T-SHIRT,**

     *Plaintiff,*

**v.**                                    **Case No. SA:22-CV-0366-JKP**

**CITY OF SAN ANTONIO, et al.,**

     *Defendants.*

### MEMORANDUM OPINION AND ORDER

Before the Court is *City of San Antonio's Consolidated Motion for Summary Judgment* (ECF No. 61). Plaintiff has filed no timely response. *See* ECF Nos. 62 (granting Plaintiff until September 28, 2003, to file response), 63 (response filed September 30, 2023). In reply (ECF No. 64), the City argues that the Court should not consider the untimely response and that, in any event, the response merely asserts a meritless procedural issue.

The Court has ample reason to not consider the untimely response. Plaintiff's reason for his untimeliness ("I was awaiting return calls from attorneys and researching diligently via Google on how to respond to Motion for Summary Judgment and allowed time to slide away from me.") is not sufficient to warrant its consideration. Nevertheless, because considering the response has no impact on its resolution of the motion, the Court exercises its ample discretion to consider the response in an effort to provide the pro se Plaintiff with every benefit of the doubt.

### I. BACKGROUND

On April 14, 2022, Plaintiff commenced this pro se civil action purportedly under the Civil Rights Act of 1964. *See* Compl. (ECF No. 4). He thereafter filed an amended complaint (ECF No. 10), resulting in a motion for more definite statement (ECF No. 13). The Court then ordered Plaintiff to file another amended complaint on or before September 20, 2022, *see* ECF No. 18, which

was later extended to October 24, 2022, *see* ECF No. 21. The City moved to dismiss this amended complaint. *See* ECF No. 23. When this Court mooted the motion to dismiss based on the events of this litigation, it recognized that the operative pleading of Plaintiff was an amended complaint (ECF No. 33) filed on February 14, 2023. *See* ECF No. 48.

In the live complaint, Plaintiff names the City as the sole defendant, listed the Civil Rights Act of 1866 and the Civil Rights Act of 1964 as the basis for his federal action, tweaked his original claim, and asserted a wholly new claim. *See* ECF No. 33. The precise basis for Plaintiff's claims is unclear. The five-page form complaint contains few details other than identifying the City as the sole defendant, asserting federal question jurisdiction under the Civil Rights Acts of 1866 and 1964, and seeking substantial damages for dissolution of a business relationship with Halo Promotional Products as well as significant punitive damages. *See* ECF No. 33 at 1-5.

Plaintiff provides a brief factual statement of his claims as an attachment. *See* ECF No. 33-1. He bases his claim under the Civil Rights Act of 1866 on the fact that he was an independent contractor who had a business relationship with Halo Promotional Products. *Id*. He states: "As the only black owned company which submitted proposal for the bid contract, the actions of the City of San Antonio were retaliatory and based upon race." *Id*. In a separate paragraph, Plaintiff appears to assert a claim under the Fair Housing Amendments Act, which he says amended Title VIII of the Civil Rights Act of 1968. *Id*. He states that five applications for rental assistance were submitted to the City, four of which listed him as landlord and the City systematically declined them on the basis of his race. *Id*.

A second attachment to the operative pleading provides a brief overview of (1) the Civil Rights Act of 1866, now codified at 42 U.S.C. §§ 1981, 1982, 1983; and (2) 42 U.S.C. § 1981 specifically. *See* ECF No. 33-2. He also provides emails that he views as related to his claims. *See* ECF Nos. 33-3, 33-4, 33-5, and 33-6.

2

Liberally construing his operative pleading, Plaintiff sues the City for alleged contract discrimination based on race. *See* ECF No. 33-1. He contends that the City denied him rent assistance on the basis of his race in violation of the Fair Housing Amendment Act/Title VIII of the Civil Rights Act. *See id.*

On July 6, 2023, the City filed a motion for leave to exceed page limits with an attached motion for summary judgment. *See* ECF No. 52. It also filed a memorandum in support with numerous exhibits, *see* ECF No. 53; a supplement to its memorandum in support, ECF No. 54; and a notice of traditional filing of media exhibits, ECF No. 55. With leave of court, *see* ECF No. 56, the City filed a counterclaim (ECF No. 58) against Plaintiff. The City therein counterclaims for fraud and seeks judgment in the amount of $6,500. *See* ECF No. 58 at 1-5. On July 27, 2023, the Court granted the motion for leave to exceed page limits and directed Defendant to file one summary judgment motion addressing all of its requested relief including any request in its supplement. *See* ECF No. 59.

Defendant timely moved for summary judgment both against Plaintiff's claims and for judgment on its counterclaim. *See* ECF No. 61. As part of that motion, the City incorporated a prior attached document in which Plaintiff corrected his claim from the Fair Housing Act to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race in any program or activity that receives federal funds. *See* ECF No. 57-1 (email from Plaintiff). It also specifically relies on evidence submitted with its earlier appendix (ECF No. 53) and notice of traditionally filed digital media (ECF No. 55). Additionally, it incorporates its motion to dismiss (ECF No. 23) as if restated verbatim.

Plaintiff filed an untimely response (ECF No. 63) which the Court has elected to consider. That response, however, simply relies on a Standing Order of a different district judge to contend that Defendant's motion should be procedurally denied. Although Plaintiff states a belief that there

are factual disputes that preclude summary judgment, he provides no evidence to support his claims or to counter the Defendant's counterclaim.

Through its reply (ECF No. 64) Defendant points out that its submitted evidence is uncontested, urges the Court to grant summary judgment, and identifies some post-motion conduct of Plaintiff that it deems as abusive and sanctionable. As to the post-motion conduct, it merely requests that the Court address it as the Court deems appropriate.

The Court has no need to address Plaintiff's pleading deficiencies or Defendant's motion to dismiss. The motion for summary judgment provides sufficient reason of itself to obtain dismissal of Plaintiff's claims.

## II. SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This includes identifying those portions of the record that the party contends demonstrate the absence of a genuine dispute of material fact. *Id*. But when "the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a genuine dispute] of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301-02 (5th Cir. 2020) (quoting *In re: La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant need not "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis omitted) (parenthetically quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (en banc)). In these instances, however, the movant must "point[] out that there is no evidence to support a *specific element* of the nonmovant's claim"; rather than making "a conclusory assertion that the nonmovant has no evidence to support his *case*." *Id*. at 335 n.10.

In considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp.,*

*Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

Defendant has timely moved for summary judgment. ECF No. 61. In an effort to be as comprehensive as possible, Defendant addresses claims raised in the operative complaint (ECF No. 33), as well as those raised in a prior amended complaint (ECF No. 22), and even one possibly asserted in an email as shown in its supplement to summary judgment (ECF No. 57). While some of these claims may not be specifically raised by Plaintiff in his operative pleading, the various claims addressed by Defendant often have overlapping elements and similar analyses.

Defendant addresses Plaintiff's claims as (1) racial discrimination in contracting related to a contract for promotional items that arises under (a) 42 U.S.C. § 1981 or (b) the Civil Rights Act of 1964, which Defendant understands to be under Title VII; and (2) racial discrimination related to rental assistance that arises under (a) the Fair Housing Act, 42 U.S.C. § 3604(b), or (b) Title VI, 42 U.S.C. § 2000d. It also addresses both claims as though Plaintiff asserted them under 42 U.S.C. § 1983, which in turn invokes principles set out in *Monell v. Department of Social Services. of New York City.*, 436 U.S. 658 (1978). For each of these claims, Defendant has satisfied its summary judgment burden by either pointing to an absence of evidence to support elements of each claim and/or presenting its own evidence to justify summary judgment. While Defendant asserts a lack of evidence to support various elements of Plaintiff's claims, it further asserts that the uncontroverted evidence that it has submitted establishes that it did not discriminate against Plaintiff based on his race or violate any of the statutes addressed in its summary judgment motion.

In an abundance of caution, the Court has exercised its discretion to consider Plaintiff's untimely response to the motion. However, because the response provides no evidence to create a genuine dispute of material fact, the facts presented by Defendant are undisputed. Accordingly, for the reasons stated by Defendant in its thorough motion, Defendant is entitled to judgment as a matter of law on Plaintiff's various claims.

Defendant also seeks summary judgment on its counterclaim for fraud and seeks judgment for $6,500. It has presented evidence to support obtaining summary judgment on this claim, including the claimed damages. Plaintiff has not presented any evidence to create a genuine dispute of material fact regarding any aspect of the fraud counterclaim or the amount of damages. Accordingly, for the reasons stated by Defendant in its motion, the Court finds Defendant entitled to judgment as a matter of law on its fraud claim and will enter judgment for $6,500 against Plaintiff.

### III. CONCLUSION

After reviewing the briefing and summary judgment evidence, Plaintiff's operative pleading, and the relevant law, the Court **GRANTS** the *City of San Antonio's Consolidated Motion for Summary Judgment* (ECF No. 61). **Because the operative complaint is against the City only, the Court directs the Clerk of Court to terminate all other defendants listed on the docket.** Resolution of the instant motion for summary judgment fully resolves this matter. By separate document, the Court will enter Final Judgment for Defendant on Plaintiff's claims and dismiss this action with prejudice. The Final Judgment will also grant Defendant $6,500 in damages on its counterclaim for fraud and award costs to Defendant.

**SIGNED this 14th day of March 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**