UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIAM HOLLIDAY d/b/a NOT
JUST T-SHIRT,

    *Plaintiff*,

v().                                              Case No. SA:22-CV-0366-JKP

CITY OF SAN ANTONIO, et al.,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Reconsideration (ECF No. 69) filed pro se by Plaintiff William Holliday. Plaintiff seeks relief under Fed. R. Civ. P. 60(b). Defendant City of San Antonio opposes the motion. *See* ECF No. 70. Plaintiff filed untimely reply briefs to the response. *See* ECF Nos. 72 and 73. The first reply acknowledges that his "previous arguments lacked substantiation and clarity" and asks for the Court's "indulgence" as he seeks "to rectify these deficiencies." *See* ECF No. 72. The second reply is the same as the first, but also includes eight exhibits. *See* ECF No. 73 (with Exs. Attached as ECF Nos. 73-1 through 73-8).

On March 14, 2024, the Court granted Defendant's motion for summary judgment, *see* ECF No. 66, and entered final judgment (ECF No. 67) against Plaintiff. A week later, Plaintiff moved for post-judgment relief. He seeks relief from judgment on various grounds. He relies on Rule 60(b)(1), which provides for relieving a party "from a final judgment" on grounds of "mistake, inadvertence, surprise, or excusable neglect." He also seeks relief under Rule 60(b)(2) based upon newly discovered evidence. However, "[w]hen a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440

(5th Cir. 2021), *cert. denied*, 143 S. Ct. 4 (Oct. 21, 2022); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label").

Because Plaintiff filed his motion within twenty-eight days of the entry of judgment, the Court analyzes it under Rule 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 478-79. A Rule 59(e) motion instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Plaintiff has identified no manifest error of law or fact that is correctible through Rule 59(e). He basically claims that the procedural hurdles presented by the Federal Rules of Civil Procedure impacted his ability as a pro se litigant to defend against Defendant's summary judgment motion. That is not a reason to alter or amend the judgment. And, although Plaintiff now asserts that he has new evidence to present, the evidence existed prior to entry of judgment. It is not new within the meaning of Rule 59(e). In short, Plaintiff provides no basis to obtain relief from judgment. Accordingly, the Court denies his post-judgment motion.

For the foregoing reasons, the Court **DENIES** the Motion for Reconsideration (ECF No. 69) filed by Plaintiff.

It is so ORDERED this 15th day of April 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE